UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

JOMARKI SUAREZ POLANCO, on behalf of himself,
individually, and all similarly situated persons,

                    Plaintiff,

          -against-

MAMA TACO LLC, ROSE RODRIGUEZ and
NATHANIEL VALERIO,

                    Defendants.

-----------------------------------------------------------------------X

**COMPLAINT**

*Class and Collective Action*

*Jury Trial Demanded*

Plaintiff Jomarki Suarez Polanco, on behalf of himself, individually, and all other similarly situated persons, by and through his counsel, the Romero Law Group PLLC, complaining of the Defendants, Mama Taco LLC, Rose Rodriguez and Nathaniel Valerio (collectively as "Defendants"), allege as follows:

**NATURE OF THE CLAIM**

1.      Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 146 ("NYLL"), unpaid minimum wages under the FLSA and NYLL, unpaid wages at his agreed upon rates of pay under the NYLL, unpaid spread of hours compensation under the NYLL and 12 N.Y.C.R.R. § 146-1.6, unlawfully retained tips and gratuities under the FLSA and NYLL, damages for unlawful deductions from wages earned under NYLL § 193, damages for failure to furnish accurate wage statements for each pay period under NYLL § 195(3), damages for failure to provide a wage notice upon his hire under NYLL § 195(1), damages for unjust enrichment, quantum meruit and conversion under New York common law, damages for failure to pay all wages owed no later

1

than his regular pay day for the pay period in which he was terminated pursuant to NYLL § 191-3, and retaliation under the FLSA, NYLL and NYLL § 740, and any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other similarly-situated persons during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings his claims under the NYLL and New York common law on behalf of himself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

3. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable limitations periods who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations and violations of New York common law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under 29 U.S.C. § 201, *et seq*. and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of New York.

## THE PARTIES

6.    At all relevant times, Plaintiff is and was a resident of the County of Bronx, State of New York.

7.    At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e), NYLL § 190(2), (4) and NYLL § 740(1)(a).

8.    At all relevant times, Defendant Mama Taco LLC is and was a domestic limited liability company with its principal place of business at 5025 Broadway, New York, New York 10034.

9.    At all relevant times, Defendant Mama Taco LLC is and was subject to the requirements of the FLSA because, upon information and belief, it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to use of food and ingredients, kitchenware, utensils, cleaning supplies, office supplies, receipt papers, pens, and paper, all of which undoubtably traveled in interstate commerce, and accepted payment from credit card machines and other moneys that originate from out of New York State.

10.    At all relevant times, Defendant Mama Taco LLC is and was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), NYLL § 190(3) and NYLL § 740(1)(b).

11.    At all relevant times, Defendant Mama Taco LLC employed more than eleven employees at any given time.

12.    At all times relevant, Defendant Rose Rodriguez was an owner, shareholder and/or officer for Defendant Mama Taco LLC, as well as a manager for the corporate defendant, was active in the day to day management of the corporate defendant, including directing Plaintiff and

other employees regarding their duties, being responsible for the payment of Plaintiff's and other employees' wages, determining what wages were paid to Plaintiff and other employees, had the power to hire, fire and discipline employees, and did terminate Plaintiff's employment, had authority to make all personnel decisions, was responsible for maintaining personnel records relating to Plaintiff's and other employees' employment, and is liable to Plaintiff and the other employees as an "employer" within the meaning of the FLSA, NYLL and NYLL § 740(1)(b).

13.    At all times relevant, Defendant Nathaniel Valerio was an owner, shareholder and/or officer for Defendant Mama Taco LLC, as well as a manager for the corporate defendant, was active in the day to day management of the corporate defendant, including directing Plaintiff and other employees regarding their duties, being responsible for the payment of Plaintiff's and other employees' wages, determining what wages were paid to Plaintiff and other employees, had the power to hire, fire and discipline employees, had authority to make all personnel decisions, was responsible for maintaining personnel records relating to Plaintiff's and other employees' employment, and is liable to Plaintiff and the other employees as an "employer" within the meaning of the FLSA, NYLL and NYLL § 740(1)(b).

## FACTS

14.    Defendants are a company and its owners that operate a restaurant and bar serving Mexican fare and alcohol at its restaurant, located in Manhattan, New York.

15.    Defendants employed Plaintiff from on or about June 11, 2023 through on or about August 9, 2025 as a busser.

### Defendants' Wage Violations

16.    Throughout his employment, Plaintiff regularly worked seven days per workweek, though he sometimes worked six days per workweek.

4

17. Throughout his employment, Plaintiff regularly worked from 12:00 p.m. until 11:00 p.m. on Mondays and from 4:00 p.m. until between 2:00 a.m. and 2:30 a.m., and sometimes even more hours, during the rest of his workdays.

18. Throughout his employment, Defendants periodically required Plaintiff to work from 4:00 p.m. until 4:00 a.m., and sometimes even more hours, during his workdays on certain Fridays.

19. Throughout his employment, Plaintiff typically did not receive uninterrupted meal breaks during his shifts.

20. Accordingly, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did work, more than forty hours during his workweeks.

21. Throughout his employment, Defendants required Plaintiff to spend his entire shift performing cleaning and maintenance duties, including, but not limited to, cleaning the restaurant, office area, kitchen area, and bar area, sweeping the restaurant, cleaning windows and glasses, and repairing fixtures, plumbing, and décor in the bathroom, bar and stairs areas.

22. Throughout his employment, Defendants paid Plaintiff at various fixed daily rates of pay for all of his hours worked on Mondays, regardless of his number of hours worked.

23. Throughout his employment, Defendants agreed to pay Plaintiff a fixed daily rate of pay of $150.00 per day for his work performed on Mondays, but only paid him at this daily rate of pay for two workweeks.

24. After his first two pay periods and throughout the remainder of his employment, Defendants paid Plaintiff at various fixed daily rates of pay of between $100.00 per day and $120.00 per day for all of his hours worked on Mondays, where the amount of these daily rates of pay were determined weekly at the whim of the Defendants.

5

25. As a result of these practices, throughout his employment, Defendants frequently failed to pay Plaintiff at his agreed upon rate of pay for his hours worked on Mondays, in violation of the NYLL and New York common law.

26. Throughout his employment, with the exception of Plaintiff's Monday shifts, Defendants paid Plaintiff an hourly rate of pay, at least for those hours which Defendants provided any compensation.

27. However, throughout his employment, with the exception of Plaintiff's Monday shifts where Plaintiff performed cleaning duties, Defendants took a tip credit deduction for each hour that Plaintiff worked and consequently paid him at a reduced hourly rate of pay below the NYLL minimum wage as a tipped employee.

28. Throughout his employment, Defendants failed to provide Plaintiff with compliant written notice under the NYLL, or compliant written or oral notice under the FLSA, that Defendants were claiming a tip credit toward the statutory minimum wage for his hours paid at a tipped rate.

29. Throughout his employment, Defendants paid Plaintiff pursuant to a tip pool arrangement wherein tips and gratuities received from patrons were distributed to Plaintiff and other employees, including, *inter alia*, servers, bussers, and bartenders.

30. Throughout his employment, Defendants unlawfully retained tips and gratuities that were paid by customers by credit card that were earned by and owed to Plaintiff and other tipped employees.

31. As a result, throughout his employment, Defendants frequently deducted sums from tips and gratuities – a form of wages – that were intended to be contributed to Defendants' tip pool which were tips and gratuities earned by and owed to Plaintiff and other tipped employees by

improperly retaining those funds, not including those funds in the tip pool calculations and never distributing those tips and gratuities to anyone through the tip pool.

32. As such, throughout his employment, Defendants unlawfully retained tips and gratuities owed to Plaintiff and other tipped employees, thereby depriving Plaintiff and other tipped employees of compensation due to them, in violation of the FLSA, NYLL, NYLL § 193 and New York common law.

33. Thus, throughout his employment, Defendants deducted from and/or failed to remit Plaintiff's and other tipped employees' earned wages that were owed in the form of tips and gratuities, resulting in unlawful deductions, either directly or by separate transaction, to Plaintiff's and other tipped employees' earned wages that were not required by law or regulation, and were not authorized by Plaintiff and other tipped employees and were not for their benefit, in violation of NYLL § 193 and New York common law.

34. Moreover, throughout his employment, Defendants required Plaintiff to perform duties normally performed by other non-tipped employees. Throughout his employment, Plaintiff often performed a substantial amount of non-tipped work during his shifts, which exceeded twenty percent of his time worked during certain shifts and therefore exceeded the amount of time permitted for a tipped-rate employee by applicable law and regulations. Notwithstanding this, Defendants paid Plaintiff at his tipped rate of pay for time spent performing non-tipped work.

35. Throughout his employment, Defendants inaccurately recorded the amount of tips and gratuities received by Plaintiff and other tipped employees.

36. Throughout his employment, Defendants wholly failed to record the amount of cash tips and gratuities received by Plaintiff and other tipped employees.

37.    Despite these unlawful practices, throughout his employment, Defendants paid Plaintiff and other tipped employees at a reduced tipped rate that was below the statutorily mandated minimum wage rate, in violation of the NYLL.

38.    Throughout his employment, Defendants paid Plaintiff at his straight-time, regular hourly rate of pay for only his first forty hours of work during each workweek.

39.    Throughout his employment, Defendants failed to pay Plaintiff at any rate of pay for his hours worked in excess of forty hours during each workweek.

40.    Due to these practices, throughout his employment, Defendants frequently failed to pay Plaintiff at any rate of pay for many of his hours worked during each workweek, often failing to pay him at any rate of pay for more than twenty hours of work performed during each workweek.

41.    Throughout his employment, Defendants paid a portion of Plaintiff's wages by check. From time to time during his employment, Defendants payments of Plaintiff's wages were returned for insufficient funds. While Defendants would sometimes make up these deficiencies by paying Plaintiff a portion of these wages from returned checks during later pay periods, Defendants entirely failed to make up these losses by failing to pay Plaintiff for some of these hours worked from these returned checks at any time, thereby failing to pay him at any rate of pay for a portion of these hours worked.

42.    As a result of these practices, throughout his employment, Defendants failed to pay Plaintiff at any rate of pay, including failing to pay him at the applicable minimum wage rate, his agreed upon rate of pay, or his statutorily required overtime rate for hours worked in excess of forty hours, in violation of the FLSA, NYLL and New York common law.

43.    Throughout his employment, Plaintiff's regular hourly rate of pay, at least for those hours which Defendants provided any compensation, was even below the mandated reduced,

8

tipped minimum wage under the NYLL – the rate that may apply if a valid tip credit notice had been provided and applicable tip laws and regulations had been followed, neither of which Defendants complied with – in violation of the NYLL.

44.    When Plaintiff's compensation is converted to his true hourly regular rate of pay by dividing his hours worked by his earnings, Plaintiff's regular rate of pay often results in an hourly rate of pay well below the mandated minimum wage in violation of the FLSA and NYLL.

45.    When Plaintiff's compensation is converted to his true hourly regular rate of pay by dividing his hours worked by his earnings, Plaintiff's regular rate of pay often results in an hourly rate of pay that is even well below the mandated reduced, tipped minimum wage – the rate that may apply if a valid tip credit notice had been provided and applicable tip laws and regulations had been followed, neither of which Defendants complied with – in violation of the NYLL.

46.    Throughout his employment, despite being required to frequently work in excess of forty hours during his workweeks, Defendants failed to pay Plaintiff at any rate of pay for his overtime hours worked in excess of forty hours during each workweek, in violation of the FLSA, NYLL and New York common law.

47.    As a result, throughout his employment, Defendants failed to pay Plaintiff at his statutorily-mandated overtime rate of pay of at least one and one-half times the applicable minimum wage rate or his proper regular hourly rate of pay, whichever is greater, for his hours worked in excess of forty during his workweeks, in violation of the FLSA and NYLL.

48.    Thus, throughout his employment, Defendants deducted from and/or failed to remit Plaintiff's earned wages for many of his hours worked, resulting in unlawful deductions, either directly or by separate transaction, to Plaintiff's earned wages that were not required by law or

9

regulation, and were not authorized by Plaintiff and other tipped employees and were not for their benefit, in violation of NYLL § 193 and New York common law.

49.     Defendants failed to pay Plaintiff at any rate of pay for his entire last month of employment.  As a result, during his last month of employment, Defendants failed to pay Plaintiff at any rate of pay of his hours worked, including failing to pay him at the applicable minimum wage rate, his agreed upon rate of pay, or his statutorily required overtime rate for hours worked in excess of forty hours, in violation of the FLSA, NYLL, NYLL § 193 and New York common law.

50.     On or about August 9, 2025, Defendants terminated Plaintiff's employment.

51.     Due to Defendants' failure to compensate Plaintiff for his hours worked during his final workweek, Defendants did not pay Plaintiff his earned wages on his regular pay day for the pay period in which he was terminated, in violation of NYLL § 191-3.

52.     Throughout his employment, Plaintiff frequently worked daily shifts that exceeded ten hours per day from its start to its finish.  However, Defendants failed to pay Plaintiff spread-of-hours compensation of one additional hour at the applicable minimum wage rate for each workday that exceeded ten hours, in violation of the NYLL.

53.     Throughout his employment, Defendants paid a portion of Plaintiff's wages with a check and a portion of his wages in cash.

54.     Throughout his employment, Defendants failed to provide written notice to Plaintiff upon his hire in his primary language – or at all – of his rates of pay and other information required by NYLL § 195(1).

55.     Throughout his employment, Defendants failed to furnish Plaintiff with accurate – or any – statements of his wages earned, including, *inter alia*, his correct regular and overtime

10

rates of pay, his correct amount of regular and overtime hours worked, his spread of hours compensation, and his correct amount of tips and gratuities received, gross wages, net wages, deductions and allowances, for each pay period as required by NYLL § 195(3).

56.     By failing to provide Plaintiff with a wage notice meticulously detailing Plaintiff's hourly rates upon his hire, as well as by failing to record the amount of tips and gratuities earned or received for each workweek as required by NYLL §§ 195(1) and (3) and the related New York State Department of Labor Regulations, and by failing to provide other accurate and/or complete information under these requirements, such as failing to provide any wage statements (i.e. paystubs), Defendants caused actual and concrete harm to Plaintiff, who was unable to determine whether he had been underpaid for his proper straight-time, regular hourly wages, overtime compensation, spread of hours compensation, or had been correctly paid for all tips and gratuities earned, throughout his employment.

57.     Because Plaintiff worked without the accurate and complete information required by NYLL §§ 195(1) and (3), Plaintiff was unable to determine the precise amount of wages, tips and gratuities that he was entitled to receive, assess the manner in which his wages were calculated, and determine that he had been underpaid every workweek, which caused Plaintiff to suffer unpaid wages throughout his employment and causing him to suffer underpayments longer than he would have if a compliant – or any – wage notice and/or a complaint or any wage statements had been provided.

58.     With no way to know how much Plaintiff should have been making or receiving in wages, tips and gratuities, Plaintiff worked throughout his employment without discovering how much he had been underpaid nearly every week, which denied Plaintiff not only the time-value of that money, but also resulted in continued actual underpayments.

59.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the wages earned by and paid to Plaintiff, failing to pay Plaintiff in accordance with his actual hours worked, failing to pay wages at least equal to the FLSA and NYLL minimum wage rate of pay in accordance with his hours worked, failing to pay proper overtime wages in accordance with his hours worked, failing to pay Plaintiff his agreed upon rate of pay in accordance with his actual hours worked, failing to pay Plaintiff at any rate of pay for many of his hours worked and failing to pay him at any rate of pay even for entire workweeks in accordance with his actual hours worked, failing to pay spread of hours compensation under the NYLL, unlawfully retaining tips and gratuities from Plaintiff and from the employee tip pool earned by and owed to Plaintiff and other tipped employees, unlawfully retaining tips and gratuities paid by customers by credit cards that were earned by and owed to Plaintiff and other tipped employees, intentionally failing to accurately record tips and gratuities received by Plaintiff and other tipped employees, unlawfully deducting and/or failing to remit earned wages in the form of tips and gratuities to Plaintiff, and failing to provide compliant tip credit notices under the FLSA and NYLL.

60.    Throughout his employment, Plaintiff repeatedly complained to Defendants regarding their unlawful pay practices, including, *inter alia*, their failure to pay him at any rate of pay for many hours worked, their failure to pay him for overtime wages, their failure to pay him wages when Defendants' checks were returned for insufficient funds, and their failure to remit tips and gratuities earned and due to him.

61.    In response, Defendants repeatedly failed to take any action to remedy their unlawful wage practices, other than paying Plaintiff a portion – but never all – of his unpaid wages from checks returned for insufficient funds in later pay periods, and instead continued to willfully

12

and intentionally refuse pay proper wages by failing to pay Plaintiff at any rate of pay for many of his hours worked, failing to pay him for overtime wages, and failing to remit tips and gratuities earned and due to him, in violation of the FLSA and NYLL, and New York common law.

62.     Additionally, Defendants were involved in prior litigation relating to similar issues as those asserted herein.  Specifically, the matter of *Lynnette Colon v. Mama Taco LLC, et al.*, Docket No. 24-cv-05821 (MKV) (S.D.N.Y.), which was filed on July 31, 2024, Plaintiff Lynette Colon brought claims against Defendants for, *inter alia*, for their failure to pay a server and bartender her lawful overtime compensation under the FLSA and NYLL, minimum wage compensation under the FLSA and NYLL, spread of hours compensation under the NYLL, unlawfully retaining and/or failing to remit tips and gratuities earned and due under the NYLL, failure to lawfully administer its tip pool for its tipped employees, failure to provide a wage notice upon her hire under NYLL § 195(1), and failure to furnish accurate wage statements for each pay period under NYLL § 195(3).  Thus, Defendants violations of the applicable wage and hour laws were willful, intentional and did not occur as part of a good faith effort to comply with the applicable wage and hour laws.

63.     Defendants treated and paid Plaintiff, Class Members and FLSA Collective Action Members in the same or similar manner pursuant to Defendants' corporate-wide payroll and employment practices.

64.     Plaintiff, Class Members and FLSA Collective Action Members suffered the same or similar harms as a result of Defendants' corporate-wide payroll and employment practices.

### Defendants' Unlawful Retaliation Against Plaintiff

65.     Defendants unlawfully retaliated against Plaintiff by terminating his employment after engaging in protected activity under the FLSA, NYLL and NYLL § 740.

13

66. During his employment, Plaintiff repeatedly complained to Defendants, through Defendant Rodriguez, regarding Defendants' failure to pay him overtime wages.

67. In each instance, Defendants, through Defendant Rodriguez, falsely claimed that Defendants would remedy this error and pay Plaintiff for his overtime wages.

68. Throughout his employment, Defendants never paid him for overtime compensation and never corrected their unlawful payment practices.

69. In or about June 2025, Defendants issued Plaintiff multiple paychecks for Plaintiff's wages that were returned for insufficient funds.

70. Thereafter, Plaintiff repeatedly complained to Defendants regarding his paychecks being returned for insufficient funds, which deprived him of those wages paid. Defendants disregarded Plaintiff's complaints.

71. On June 28, 2025, Defendants issued Plaintiff a paycheck that attempted to pay him only $120.00, which was intended by Defendants to cover sixty hours of work by Plaintiff.

72. Plaintiff promptly rejected this paycheck, objected that this paycheck failed to compensate him for many of his hours worked, and demanded that Defendants issue a replacement paycheck that paid him his wages for his actual hours worked. Plaintiff further complained that Defendants were failing to pay Plaintiff for many of his hours worked during his workweeks.

73. Despite this complaint, Defendants never corrected or reissued this paycheck, thereby failing to pay Plaintiff for these sixty hours of work.

74. Worse still, Defendants failed to pay Plaintiff at any rate of pay for his entire last month of employment through his termination, despite working his normal hours throughout these workweeks.

14

75. During this time, Plaintiff complained to Defendants each week – amounting to at least four complaints – regarding Defendants' failure to pay him any wages for his hours worked during these workweeks.

76. In each instance, Defendants falsely claimed that Defendants would remedy this error and pay Plaintiff for his wages worked during these workweeks.

77. Despite these complaints, Defendants never paid Plaintiff for his wages worked during these workweeks.

78. During his last complaint, on or about August 7, 2025, Plaintiff complained to Defendants, through Defendant Rodriguez, again that Defendants issued Plaintiff multiple paychecks for his wages that were returned for insufficient funds and not remedied, that Defendants have not paid him proper wages for his hours worked, and that Defendants had failed to pay him any wages for the prior month of work.

79. Indeed, during this complaint on or about August 7, 2025, Plaintiff complained to Defendants that Defendants were simply not paying him whatsoever for any of his hours worked despite being an employee for at least one month.

80. Each of these complaints made by Plaintiff during his employment constitute protected activity under the FLSA, NYLL and NYLL § 740.

81. Just two days later, on or about August 9, 2025, Defendants, through one of Defendants' managers, summarily terminated Plaintiff's employment as a direct result of his protected activity, in violation of the FLSA, NYLL and NYLL § 740.

82. During this conversation, on or about August 9, 2025, Defendants' manager admitted that Plaintiff was being terminated because of his recent complaint regarding Defendants'

15

wage violations and that Defendant Rodriguez became embarrassed and upset that Plaintiff publicly complained that Defendants were not paying his wages earned.

83.     Based on the foregoing, Defendants callously retaliated against Plaintiff for engaging in protected activity, in violation of the FLSA, NYLL and NYLL § 740.

## COLLECTIVE ACTION ALLEGATIONS

84.     At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing to pay them minimum wages, overtime pay for hours worked in excess of forty (40) hours each week, and unlawfully retaining tips and gratuities under the FLSA.

85.     Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA.  The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interests in in bringing this action.

86.     Plaintiff seeks to proceed as a collective action with regard to the First through Third Claims for Relief, pursuant to 29 U.S.C. §216(b) on behalf of himself, individually, and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed by the Defendants as a non-exempt, hourly paid, tipped employee, including but not limited to servers, bussers, bartenders or bar employees, and/or in a similarly situated position, at any time during the three (3) years prior to the filing of their respective consent forms.

16

87.     The First through Third Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of minimum wage and overtime pay, and have been subjected to Defendants unlawfully retaining tips and gratuities in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## CLASS ACTION ALLEGATIONS

88.     Plaintiff brings the Fourth through Fourteenth Claims for Relief on behalf of himself, individually, and a class of persons under Fed. R. Civ. P. 23 consisting of all persons who are currently, or have been, employed by the Defendants as a non-exempt, hourly paid, tipped employee, including but not limited to servers, bussers, bartenders or bar employees, and/or in a similarly situated position at any time during the six (6) years prior to the filing of this Complaint through the date of judgment (hereinafter referred to as the "Class" or the "Class Members").

89.     The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendants.  The hours assigned and worked, the positions held, and rates of pay for each Class Member may also be determinable from Defendants' records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under Fed. R. Civ. P. 23.

17

90.    The proposed Class is so numerous such that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) individuals who are currently, or have been, employed by the Defendants as a covered Class Member at any time during the six (6) years prior to the filing of this Complaint.

91.    Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

92.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)    Whether Defendants failed and/or refused to pay the Plaintiff and Class Members proper premium overtime compensation for hours worked in excess of forty hours in a single workweek;

(b)    Whether Defendants failed and/or refused to pay the Plaintiff and Class Members the applicable minimum wage rates of pay for their hours worked;

(c)    Whether Defendants failed and/or refused to pay the Plaintiff and Class Members their agreed upon rates of pay for their hours worked;

(d)    Whether Defendants failed and/or refused to pay the Plaintiff and Class Members spread of hours compensation for each workday where the start and end of their workday exceeded ten hours;

(e)    Whether Defendants unlawfully made deductions to Plaintiff's and Class Members' wages, tips and gratuities, either directly or by separate transactions, for the benefit of Defendants and/or without authorization of Plaintiff or the Class Members;

(f)    Whether Defendants failed and/or refused to pay, retained and/or failed to remit tips and gratuities due to the Plaintiff and Class Members, in violation of the NYLL and/or New York common law;

18

(g)    Whether Defendants' pay practices violated the New York common law, in the form of quantum meruit, with respect to the Plaintiff and Class Members;

(h)    Whether Defendants' pay practices violated the New York common law, in the form of unjust enrichment, with respect to the Plaintiff and Class Members;

(i)    Whether Defendants' pay practices violated the New York common law, in the form of conversion, with respect to the Plaintiff and Class Members;

(j)    Whether Defendants failed to furnish the Plaintiff and Class Members with a compliant notice informing them that they would be paid at a tipped rate, within the requirements set forth under the NYLL and its applicable regulations, and/or whether such notice was provided in their primary language;

(k)    Whether Defendants' pay practices constitute an unlawfully administered tip pool arrangement, invalidating Defendants' right to a take a tip credit against hourly wages;

(l)    Whether Defendants' owner and/or manager participated in and/or unlawfully retained tips and gratuities from the tip pool due to the Plaintiff and Class Members;

(m)    Whether Defendants' owner and/or manager participated in and/or unlawfully retained tips and gratuities paid by credit card from the tip pool due to the Plaintiff and Class Members;

(n)    Whether Defendants failed to timely pay or remit tips and gratuities and/or other wages to the Plaintiff and Class Members;

(o)    Whether Defendants failed to furnish the Plaintiff and Class Members with a compliant notice of wage rate upon their hire and/or whether such notice was provided in their primary language;

(p)    Whether Defendants failed to furnish the Plaintiff and Class Members with accurate wage statements for each pay period;

(q)    Whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class Members overtime pay, minimum wage compensation, wages at their agreed upon rates of pay, spread of hours compensation, retaining of tips and gratuities, and unlawfully deducting and/or retaining wages, tips and gratuities, was done willfully and/or with reckless disregard of the state wage and hour laws;

(r)　　Whether Defendants took any active steps to ascertain and comply with the state wage and hour laws regarding their payment of wages to Plaintiff and Class Members;

(s)　　Whether Defendants failed to keep and maintain true and accurate payroll records, including, *inter alia*, recording all hours worked, compensation received, and amounts of tips and gratuities received, for the Plaintiff and Class Members;

(t)　　Whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(u)　　What was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

93.　　Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All of the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected and harmed all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

94.　　Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.

95.　　Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

96.　　A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants. Class action treatment will permit a large

20

number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

97. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

98. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

### FIRST CLAIM FOR RELIEF
### (FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)

99. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

100. Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and persons similarly situated to Plaintiff for their time worked in excess of forty (40) hours per week at a rate

of at least one and one-half times the applicable minimum wage or their proper regular hourly rates or pay, whichever is greater, in violation of the FLSA.

101.    Defendants' violations of the FLSA have been willful and intentional.

102.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

103.    As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff with respect to Defendants' violations of the FLSA are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs of this action.

**SECOND CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGES)**

104.    Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

105.    Defendants employed Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, yet willfully failed to pay Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, the applicable minimum wage rate for all hours worked, in violation of the FLSA.

106.    Defendants' violations of the FLSA have been willful and intentional.

107.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

108.    Due to Defendants' violations of the FLSA, Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid minimum

22

wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## THIRD CLAIM FOR RELIEF
## (UNLAWFULLY RETAINED TIPS AND GRATUITIES UNDER THE FLSA)

109.    Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

110.    Pursuant to 29 U.S.C. § 203(m), "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

111.    Additionally, according to Fact Sheet #15 Tipped Employees Under the Fair Labor Standards Act (FLSA), published by U.S. Department of Labor ("DOL" hereinafter), Wage and Hour division, "[r]egardless of whether an employer takes a tip credit, the FLSA prohibits employers from keeping any portion of employees' tips for any purpose, whether directly or through a tip pool.  An employer may not require an employee to give their tips to the employer, a supervisor, or a manager, even where a tipped employee receives at least the federal minimum wage (currently $7.25) per hour in wages directly from the employer and the employer takes no tip credit."

112.    By setting and maintaining a policy and/or practice of improperly withholding all or portions of tips and gratuities meant to be paid to Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, Defendants willfully and knowingly violated the FLSA.

113.    Defendants failed to maintain proper employment records as required by the FLSA.

114.    Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

115. As a result of the unlawful acts of the Defendants, Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action have been deprived of tips and gratuities in amounts to be determined at trial.

116. Based on the foregoing, Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action are also entitled to liquidated damages, attorneys' fees, and their costs and disbursements in this action for Defendants' violations of the FLSA.

**FOURTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)**

117. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

118. Defendants employed Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty hours and failed to compensate the Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, for hours worked in excess of forty hours per week at a rate of at least one and one-half times the applicable minimum wage or their proper regular hourly rates of pay, whichever is greater, in violation of the NYLL.

119. By Defendants' failure to pay Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, their correct overtime wages for hours worked in excess of forty hours per week, Defendants violated the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 146.

120. Defendants' violations of the NYLL have been willful and intentional.

121. Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants

unpaid overtime wages, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**FIFTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – MINIMUM WAGES)**

122.    Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

123.    Defendants employed Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, yet willfully failed to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, the applicable minimum wage rates for all hours worked, in violation of the NYLL and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 146.

124.    Defendants' violations of the NYLL have been willful and intentional.

125.    Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**SIXTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – FAILURE TO PAY WAGES DUE)**

126.    Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

127.    NYLL §§ 190, 191, 198 and 663(1) require that employers pay wages to their employees in accordance with their agreed terms of employment.

25

128.    Defendants failed to compensate Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action at their regular rate of pay for certain hours that they worked in accordance with their agreed terms of employment.

129.    Defendants' violations of the NYLL have been willful and intentional.

130.    Due to Defendants' violations of the NYLL, Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action are entitled to recover for all hours worked for Defendants but for which Defendants did not provide compensation at their regular rates of pay.

131.    Due to Defendants' violations of the NYLL, Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action are also entitled to liquidated damages, attorneys' fees, costs, and interest for Defendants' failure to pay wages in accordance with their agreed terms of employment.

## SEVENTH CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – SPREAD OF HOURS VIOLATION)

132.    Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

133.    Defendants failed to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, one additional hour of pay at the basic minimum wage rate for each day their spread of hours exceeded ten in violation of NYLL § 650 *et seq.* and 12 NYCRR § 146-1.6.

134.    Defendants' failure to pay spread-of-hours compensation was willful and intentional.

26

135.    For the foregoing reasons, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover unpaid spread of hours compensation, liquidated damages, attorneys' fees, costs of this action and interest as permitted by law.

**EIGHTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – UNLAWFULLY RETAINED TIPS AND GRATUITIES)**

136.    Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

137.    Pursuant to NYLL § 196-d, an employer is not permitted to "demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

138.    Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, performed work for the benefit of Defendants, at Defendants' behest, for which they received compensation partially through tips and gratuities.  However, Defendants retained and/or failed to remit, directly and indirectly, a portion of the tips and gratuities intended for the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, and they have not been paid those tips and gratuities as Defendants have unlawfully retained and/or failed to remit those tips and gratuities, in violation of NYLL § 196-d.

139.    Defendants' violations of the NYLL have been willful and intentional.

140.    Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to their unpaid tips and gratuities, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**NINTH CLAIM FOR RELIEF**
**(VIOLATION OF NEW YORK LABOR LAW § 193)**

141.    Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

142.    NYLL § 193 prohibits employers from taking any deductions from wages, except as required by law or regulation, or authorized by the employee for the employee's benefit.

143.    Based on the forgoing, Defendants engaged in multiple forms of unlawful deductions to Plaintiff's, Class Members's and any FLSA Collective Action Plaintiff who opts-into this action's wages, tips and gratuities, directly and/or by separate transactions, in violation of NYLL § 193 and the supporting New York State Department of Labor Regulations.

144.    Thus, Defendants commonly made deductions to Plaintiff's, Class Members's and any FLSA Collective Action Plaintiff who opts-into this action's wages, tips and gratuities, solely for the benefit of the Defendants, without Plaintiff's, Class Members's and any FLSA Collective Action Plaintiff who opts-into this action's authorization, and not for the benefit of the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, in violation of NYLL § 193 and the supporting New York State Department of Labor Regulations.

145.    Defendants' violations of the NYLL have been willful and intentional.

146.    Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are entitled to damages in an amount to be determined at trial, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## TENTH CLAIM FOR RELIEF
## (QUANTUM MERUIT)

147.    Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

148.    Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, performed valuable services for Defendants in good faith, at Defendants' behest, which were accepted by Defendants.

149.    Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, performed valuable services for Defendants with the expectation that they would be compensated for their work.

150.    Defendants failed to compensate Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, at their regular rate of pay or any rate of pay for certain hours that they worked for the Defendants.

151.    Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, are entitled to the recovery of the reasonable value of the services that they provided to Defendants, Defendants were enriched at the expense of the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, and it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

152.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, have sustained and are entitled to recover damages, costs of this action, and interest as permitted by law.

29

153.     Defendants violated New York common law against Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's rights, and Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are therefore entitled to an award of punitive damages under New York law.

## ELEVENTH CLAIM FOR RELIEF
## (UNJUST ENRICHMENT)

154.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

155.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action performed work for the benefit of Defendants, at Defendants' behest, for which they received compensation partially through tips and gratuities – a form of wages – and compensation through an hourly rate of pay.

156.     However, Defendants retained and/or failed to remit a portion of those hourly wages, tips and gratuities and other wages intended for the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, thereby withholding their compensation in the form of earned wages, tips, gratuities and/or money due and owing to them.

157.     Due to Defendants' conduct in violation of New York common law, Defendants were enriched at the expense of Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action and it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

30

158. Defendants violated New York common law against Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's rights, and Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are therefore entitled to an award of punitive damages under New York law.

## TWELFTH CLAIM FOR RELIEF
### (CONVERSION)

159. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

160. Based on the forgoing, Defendants engaged in multiple forms of unlawful conversion of Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's property, including, but not limited to, retaining and/or failing to remit earned wages, tips, gratuities and/or money due to Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action.

161. Defendants engaged in this conduct and have retained and/or failed to remit to Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action their earned wages, tips, gratuities and/or money without Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's authorization and without their consent.

162. Based on the foregoing, Defendants' conduct – including, not limited to retaining and/or failing to remit Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's earned wages, tips, gratuities and/or money – amounts to nothing less than

31

blatant theft of Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's earned wages, tips, gratuities and/or money.

163. Based on the foregoing, Defendants intentionally and without authority, assumed or exercised control over Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's personal property, in the form of earned wages, tips, gratuities and/or money, that belonged to Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, and that did not belong to Defendants, and interfered with Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's rights of possession.

164. Based on the foregoing, Defendants intentionally engaged in conversion by taking possession of and/or failing to remit Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's property in the form of earned wages, tips, gratuities and/or money, and by permanently impeding Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action from using their earned wages, tips, gratuities and/or money, which they have the exclusive rights to use.

165. As a result of Defendants' unlawful conduct, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are entitled to all damages, the value of all property, earned wages, tips, gratuities and/or money converted to Defendants' possession and/or use, out of pocket costs, other incidental and consequential damages, costs of this action and interest as permitted by law.

166. Defendants violated New York common law against Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's, Class Members' and

32

any FLSA Collective Action Plaintiff who opts-into this action's rights, and Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are therefore entitled to an award of punitive damages under New York law.

## THIRTEENTH CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 195(1))

167.    Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

168.    Defendants failed to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with a written notice upon their hire in their primary language – or at all – regarding, *inter alia*, their rate of pay, the basis of their rate of pay, the employee's regular pay day, the name, address and telephone number of the employer, and other information required by NYLL § 195(1).

169.    Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with the notice required by NYLL § 195(1), Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

## FOURTEENTH CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 195(3))

170.    Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

171.    Defendants failed to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff, with accurate statements of their wages earned, including, *inter alia*, their correct

33

regular and overtime rates of pay, their correct amount of regular and overtime hours worked, their spread of hours compensation, and their correct amount of tips and gratuities received, gross wages, net wages, deductions and allowances, for each pay period as required by NYLL § 195(3).

172.    Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements as required by NYLL § 195(3), Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

**FIFTEENTH CLAIM FOR RELIEF**
**(VIOLATION OF NEW YORK LABOR LAW § 191-3)**
**(ON BEHALF OF PLAINTIFF ONLY)**

173.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

174.    Plaintiff was an employee of Defendants, and Defendants were employers of Plaintiff as defined by the NYLL.

175.    NYLL § 191-3 requires that "[i]f employment is terminated, the employer shall pay the wages not later than the regular pay day for the pay period during which the termination occurred, as established in accordance with the provisions of this section.  If requested by the employee, such wages shall be paid by mail."

176.    Defendants terminated Plaintiff's employment and failed to pay Plaintiff his final week of wages earned not later than his regular pay period during which the termination occurred, and still has not Plaintiff those wages earned, in violation of NYLL § 191-3.

177.    Defendants' violations of the NYLL have been willful and intentional.

34

178.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to statutory damages equal to the total amount of the delayed wages, interest as permitted by law, attorneys' fees and costs of this action.

### SIXTEENTH CLAIM FOR RELIEF
### (FAIR LABOR STANDARDS ACT – RETALIATION)
### (ON BEHALF OF PLAINTIFF ONLY)

179.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

180.    Pursuant to FLSA § 215(a)(3), it is unlawful "to discharge or in any other manner discriminate against any employee because such employee" has engaged in protected activity under the statute.

181.    As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff was an employee within the meaning of the FLSA.

182.    As also described above, after Plaintiff lodged good faith complaints with Defendants regarding their unlawful pay practices, constituting protected activity under the FLSA, Defendants retaliated by terminating his employment.

183.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, economic harm, including loss of past and future earnings and other employment benefits, for which he is entitled to an award of monetary damages and other relief.

184.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

35

185.    Additionally, Plaintiff is entitled to liquidated damages, as well as punitive damages for Defendants' malicious, willful, and wanton violations of the FLSA's anti-retaliation provisions, and all other appropriate forms of relief, including attorneys' fees and costs of this action.

## SEVENTEENTH CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – RETALIATION)
## (ON BEHALF OF PLAINTIFF ONLY)

186.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

187.    Pursuant to NYLL § 215, it is unlawful to "discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee" who has engaged in protected activity under the statute.

188.    As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff was an employee within the meaning of the NYLL.

189.    As also described above, after Plaintiff lodged good faith complaints with Defendants regarding their unlawful pay practices, constituting protected activity under the NYLL, Defendants retaliated by terminating his employment.

190.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, economic harm, including loss of past and future earnings and other employment benefits, for which he is entitled to an award of monetary damages and other relief.

191.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

36

192.    Additionally, Plaintiff is entitled to liquidated damages, as well as punitive damages for Defendants' malicious, willful, and wanton violations of the NYLL's anti-retaliation provisions, and all other appropriate forms of relief, including attorneys' fees, costs of this action, and interest as permitted by law.

193.    At or before the filing of this Complaint, Plaintiff has served notice of this action upon the Office of the New York State Attorney General.

**EIGHTEENTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – RETALIATION UNDER NYLL § 740)**
**(ON BEHALF OF PLAINTIFF ONLY)**

194.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

195.    Section 740 of the New York Labor Law prohibits an employer from taking "any retaliatory action against an employee, whether or not within the scope of the employee's job duties, because such employee does any of the following: (a) discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that the employee reasonably believes is in violation of law, rule or regulation or that the employee reasonably believes poses a substantial and specific danger to the public health or safety; (b) provides information to, or testifies before, any public body conducting an investigation, hearing or inquiry into any such activity, policy or practice by such employer; or (c) objects to, or refuses to participate in any such activity, policy or practice."

196.    At all times relevant, Plaintiff was an employee of Defendants within the meaning of NYLL § 740(1)(a).

197.    At all times relevant, Defendants were an employer within the meaning of NYLL § 740(1)(b) and Defendants employed "one or more employees."

37

198.    As described above, after Plaintiff lodged good faith complaints with Defendants regarding their unlawful pay practices that he reasonably believed violated applicable laws, rules and regulations, constituting protected activity under the NYLL § 740, Defendants retaliated by terminating his employment.

199.    Thus, Defendants terminated Plaintiff's employment because he disclosed to Defendants an multiple activities, policies or practices of the employer that the employee reasonably believes is in violation of various laws, rules and/or regulations, and because he objected to or refused to participate in any such unlawful activities, policies or practices, in violation of NYLL § 740.

200.    Plaintiff engaging in multiple instances of  protected activity was a substantial motivating reason for Defendants' discharge of Plaintiff.

As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of NYLL § 740, Plaintiff has suffered, and continues to suffer, economic harm, including loss of past and future earnings and other employment benefits, for which he is entitled to an award of monetary damages and other relief.

201.    Furthermore, Plaintiff is entitled to an additional civil penalty in an amount up to $10,000.00, as well as punitive damages for Defendants' malicious, willful, and wanton violations of the NYLL § 740's anti-retaliation provisions, and all other appropriate forms of relief, including attorneys' fees, costs of this action, and interest as permitted by law.

## **DEMAND FOR JURY TRIAL**

202.    Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all claims in this action.

38

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Class Members and FLSA Collective Action Plaintiffs pray for the following relief:

i.      Issuing an order restraining Defendants from any retaliation against Plaintiff, Class Members and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii.      Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, 29 U.S.C. § 201 *et seq.* and supporting regulations and the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, and NYLL § 740, and under New York common Law;

iii.      Designating this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

iv.      Certifying this action a class action pursuant to Fed. R. Civ. P. 23;

v.      Awarding unpaid overtime wages, minimum wages, unpaid wages in the form of unpaid tips and gratuities intended to be paid to Plaintiff and other tipped employees, and any unlawfully retained, deducted, withheld and/or diverted wages, tips and/or gratuities, and an additional and equal amount as liquidated damages

39

pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

vi.    Awarding unpaid wages, including overtime wages, minimum wages, wages at their agreed upon rates of pay, spread of hours wages, unpaid or retained tips and gratuities, unlawfully deducted wages, tips and/or gratuities from earned wages, and any other forms of compensation, and an additional and equal amount as liquidated damages, pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

vii.    Awarding damages pursuant to NYLL §§ 195(1), 195(3), 198;

viii.    Awarding damages relating to the unlawful violation of the New York common law with respect to quantum meruit, unjust enrichment and conversion;

ix.    With respect to Plaintiff only, awarding damages pursuant to NYLL §§ 191-3, 198;

x.    With respect to Plaintiff only, awarding all damages recoverable due to Defendants' unlawful retaliatory conduct, including but not limited to any compensatory damages for back pay, front pay, employee benefits that Plaintiff would have otherwise received, damages for emotional pain, suffering, humiliation and embarrassment, out of pocket costs and expenses, and liquidated damages;

xi.    With respect to Plaintiff only, awarding an additional civil penalty in an amount up to $10,000.00 under NYLL § 740;

xii.    Awarding punitive damages as permitted by law;

xiii.    Awarding pre- and post-judgment interest as permitted by law;

xiv.    Awarding attorneys' fees incurred in prosecuting this action;

xv.    Awarding all costs and expenses incurred in prosecuting this action; and

40

xvi.        Granting such other and further relief as this Court deems just and proper.

Dated:  Hauppauge, New York
        August 13, 2026

                                    ROMERO LAW GROUP PLLC
                                    *Attorneys for Plaintiff*
                                    490 Wheeler Road, Suite 277
                                    Hauppauge, New York 11788
                                    Tel.: (631) 257-5588

                        By:     _____
                                    DAVID D. BARNHORN, ESQ.

41